UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENIC JARELLE BETTS CDCR #AM-3604,<br><br>                              Plaintiff,<br><br>        vs.<br><br>F. MENDIVIL, Correctional Officer; M. PALMER, Grievance Coordinator; C. ROJAS, Grievance Coordinator; L. URENA, Correctional Sergeant; LAROCCO, Correctional Officer; HILL, Warden,<br><br>                              Defendants. | Case No.:  3:23-cv-00907-LL-BGS<br><br>**ORDER:**<br><br>**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF No. 25]** |

Domenic Jarelle Betts, ("Plaintiff" or "Betts"), currently incarcerated at Salinas Valley State Prison ("SVSP") located in Soledad, California is proceeding pro se and in forma pauperis ("IFP") in this civil rights action pursuant to 42 U.S.C. Section 1983.  (ECF No. 10, FAC.)  Plaintiff alleges that Defendants, the present warden of the Richard J. Donovan Correctional Facility ("RJD"), and five RJD correctional officers violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments.  (*See generally* SAC.)  In addition, Plaintiff alleges Defendants violated the Racketeering Influenced and

Corrupt Organizations Act ("RICO"), the Bane Act, sections of the California Penal Code, various California state laws and CDCR regulations. (*See generally id.*)

Currently before the Court is Defendants' motion to partially dismiss Plaintiff's Second Amended Complaint ("SAC"). (*See* ECF No. 25.) Defendants contend that Plaintiff fails to state a claim upon which relief may be granted except for his claims brought pursuant to the First, Eighth, and Fourteenth Amendments against Defendant Mendivil. (*See generally id.*) Plaintiff has filed an opposition. (*See* ECF No. 27.) Having carefully considered Plaintiff's Second Amended Complaint and the parties' briefs, the Court **GRANTS**, in part, and **DENIES,** in part, Defendants' motion to dismiss portions of Plaintiff's Second Amended Complaint.

## I.    Background

### A.  Plaintiff's Allegations

Betts alleges that when he approached Defendant Mendivil on September 5, 2022, and requested that she open his cell door so that he could move property into his cell, she replied: "I don't do favors for n***rs." (SAC at 4.) After Betts sought Correctional Officer Enriquez's intervention, Mendivil opened Betts' door, but closed it on his shoulder as he bent down. (*See id*.) Betts claims Mendivil never made an announcement that the doors were closing, and instead smiled and laughed at him. (*See id.*) When Betts bent over a second time to "gather more stuff," he claims Mendivil shut the door on him again, but this time he was unable to move out of way fast enough, and the door shut on his head and neck. (*See id.*) As Betts' screamed in pain, he claims Mendivil "laugh[ed] & point[ed]" at him, and did not release the door until another officer intervened. (*Id.*) After Betts fell to the floor, he was placed in a neck brace, transported by ambulance, and diagnosed with a concussion and swelling. (*See id.*)

On February 7, 2023, Betts claims he told Mendivil that she was "racist [and] discriminating" against him and she responded "I sure am." (*See id.* at 5.) In addition, she purportedly told Plaintiff the day after she allegedly closed the door on him, "I told you I don't do favors for n***rs." (*Id.*)

Plaintiff seeks injunctive relief, $350,000 in compensatory damages, and $350,000 in punitive damages.  (*See id.* at 15.)

### B. Procedural History

Plaintiff filed his initial Complaint and motion to proceed IFP in this case on May 16, 2023.  (*See* ECF No. 1, 2.)  The Court granted Plaintiff's motion to proceed IFP and found that Plaintiff's Complaint contained First, Eighth, and Fourteenth Amendment claims sufficient to survive the 'low threshold' for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  (*See* ECF No. 6 at 5-7.)  Accordingly, the Court directed the U.S. Marshal's service to effect service on Plaintiff's behalf.  (*See id.* at 9-10.)

Plaintiff then filed a First Amended Complaint ("FAC") in which he named, in addition to the original defendant Mendivil, Defendants Rojas, Urena, Larocco, Hill, and Macomber.  (*See* ECF No. 10 at 2-3.)  Plaintiff also added several new claims, including claims brought pursuant to California penal code sections and claims under the Bane Civil Rights Act.  (*See generally id.*)

However, Plaintiff later filed a motion seeking leave to file a Second Amended Complaint ("SAC") which the Court granted on October 16, 2023.  (*See* ECF Nos. 11, 12, 14.)  On November 13, 2023, the Court directed the Clerk of Court to issue a summons as to the newly named Defendants[1] and ordered the United States Marshal Service to effect service of the SAC on Defendants.  (*See* ECF No. 17.)

## II. Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6)

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."

---

[1] The Court dismissed Defendant Macomber from the action as he was no longer named in the SAC. Claims against defendants who are not named in an amended pleading are considered waived.  *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.")

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. Mar. 20, 2018).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), including the exhibits attached to it. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.) However, exhibits that contradict the claims in a complaint may fatally undermine the complaint's allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.")); *see also Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (courts "may consider facts contained in documents attached to the complaint" to determining whether the complaint states a claim for relief).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cnty.*, 865 F.3d 1224, 1228-29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or

the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## B. Discussion

### 1. Count Four – Negligence Claim

Defendants seek dismissal of Plaintiff's claims brought in Count Four of the SAC. (*See* Defs.' Memo of P&As, ECF No. 25 at 16-18.) In his SAC, Plaintiff claims Defendants failed to follow their policies by not preserving video evidence of the alleged incident, failed to interview Plaintiff or witnesses, and failed to comply with their procedures in responding to his grievances. (*See* SAC at 7.) Plaintiff claims that these actions are a "government admission [of] gross negligence and corruption" in violation of California Civil Code §1427. (*Id.*)

/ / /

/ / /

Defendants seek dismissal of this claim on two grounds. First, Defendants argue that Plaintiff "cannot sustain a cause of action for negligence based on purported violations of CDCR regulations because the regulations do not provide for a private cause of action." (ECF No. 25 at 16.) Second, Defendants argue that Plaintiff fails to allege sufficient facts to support a common law negligence claim. (*See id.* at 16-18.) Because the Court agrees for the reasons set forth below that there is no private cause of action that can be brought based on alleged violations of CDCR Title 15 regulations, the Court need not consider whether Plaintiff has alleged sufficient facts to state a common law negligence claim.

To the extent that Plaintiff seeks to bring a negligence claim based on alleged violations of the CDCR's regulations found in Title 15 of the California Code of Regulations, the Court agrees that there is no private cause of action. *See Davis v. Powell*, 901 F.Supp.2d 1196, 1211 (S.D. Cal. Oct. 4, 2012) ("There is no implied private right of action under title fifteen of the California Code of Regulations); *Hill v. White*, 2014 WL 711016, at *5 (E.D. Cal. Feb. 21, 2014) (There is no "authority for the proposition that there exists a private right of action available to [plaintiff] for violation of Title 15 regulations, and there exist ample district court decisions holding to the contrary."); *Morgan v. Bermudez,* 2023 WL 5505062, at * 4 (C.D. Cal. Mar. 9, 2023) ("[I]t is widely recognized that prison regulations generally do not give rise to a private right of action that would entitle a prisoner to sue for money damages under state or federal law." ).

Therefore, Defendants' Motion to Dismiss Plaintiff's claims that Defendants were negligent under California state law for alleged violations of Title 15 regulations found in Count Four is **GRANTED**. Because the Court finds amendment of this claim would be futile, the Court dismisses Plaintiff's state law negligence claim without leave to amend.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 2.     Count 5 – RICO claims

Defendants seek dismissal of Plaintiff's RICO claims brought pursuant to 18 U.S.C. § 1961[2] found in Count Five of the SAC. (*See* ECF No. 25 at 16-18.) Specifically, Defendants argue that this claim should be dismissed "because Plaintiff fails to allege that Defendants acted with a pattern of racketeering activity and that he suffered a concrete financial loss, rather than a personal injury." (*Id.* at 18.)

To the extent that Plaintiff seeks to bring claims pursuant to RICO, 18 U.S.C. § 1962, the Court agrees that his SAC does not set forth facts demonstrating the pattern of racketeering activity required to state a claim for violations of, or conspiracy to violate, RICO. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (listing elements of a RICO claim under 18 U.S.C. § 1962(c)). "Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To state a claim under § 1962(c), Plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sanford*, 625 F.3d at 557 (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc)).

A " 'pattern' ... requires at least two acts of racketeering activity." *Id.* (quoting 18 U.S.C. § 1961(5)). A " 'racketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." *Id.* (citing *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004)).  Here, Plaintiff has failed to show that his claims that Defendants wrote a false RVR in retaliation for submitting grievances and allegedly failed to preserve video that he alleges supports his claims in this matter are indictable offenses.  Moreover, Plaintiff's

---

[2] RICO is codified at 18 U.S.C. §§ 1961-68.

contention that the Warden "failed to intervene and protect [him] from his goons," *see* ECF No. 14 at 8, likewise fails to state a RICO claim as he fails to identify "at least two acts of racketeering activity" on the part of the Warden, or any other named Defendant. 18 U.S.C. § 1961(5).

Moreover, to prevail on a RICO claim, Plaintiff must allege a harm to a specific business or property interest. *See Diaz v. Gates,* 420 F.3d 897, 898 (9th Cir.2005) (holding that "[w]ithout a harm to a specific business or property interest ... there is no injury to business or property within the meaning of RICO"). Plaintiff has not identified any specific harm to business or property and the Court agrees with Defendants that such an argument, if it were to be made, would not be plausible based on the facts alleged in this matter.

The Court finds that Plaintiff's SAC fails to satisfy any of these requirements for pleading a RICO claim and thus, Defendants' Motion to Dismiss Plaintiff's RICO claims found in Count Five is **GRANTED** for failing to state a claim upon which relief may be granted. Because the Court finds amendment of this claim would be futile, the Court dismisses Plaintiff's RICO claim without leave to amend.

### 3. Counts 7 – 9 – Penal Code Sections

Defendants seek dismissal of Plaintiff's claims he brings in Counts Seven, Eight, and Nine on the grounds that he is attempting to bring a cause of action under state and federal criminal statutes which is impermissible. (*See* ECF No. 25 at 20-22.) In Count Seven, Plaintiff seeks to hold Defendants liable for "state tampering with evidence" pursuant to California Penal Code § 141. (*See* SAC at 10.) In Count 8, Plaintiff seeks to hold Defendants liable for "federal tampering with evidence" pursuant to 18 U.S.C. § 2071. (*See id.* at 11.) Finally, in Count Nine, Plaintiff seeks to hold Defendants liable for California Penal Code § 13760 which involves the policy which prohibits a peace officer from participating in a law enforcement gang. (*See id.* at 12.)

However, criminal statutes do not create a private cause of action or a basis for civil liability. *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (concluding that the District Court properly dismissed claims premised on violations of the California

8

Penal Code because they did not create enforceable individual rights); *Aldable v. Aldable*, 616 F.2d 1089, 1092 (9th Cir. 1980) (Finding federal criminal statutes provide no private right of action and cannot form the basis for a civil suit); *Fuentes v. Brown*, No. 1:13-cv-00934-BAM (PC), 2014 WL 5426715, *4 (E.D. Cal. Oct. 22, 2014) (There is no statutory basis for a private right of action in California Penal Code Section 141); *Parra v. Hernandez*, No. 3:08-cv-0191-H (CAB), 2009 WL 3818376, *3 (S.D. Cal. Nov. 13, 2009) ("Statutes establishing criminal liability for certain deprivations of civil rights do not give rise to civil liability.")

Accordingly, Defendants' Motion to Dismiss Counts Seven, Eight and Nine is **GRANTED** for failing to state a claim upon which relief may be granted. Because the Court finds amendment of these claims would be futile, the Court dismisses Plaintiff's claims brought under state and federal penal code sections without leave to amend.

### 4.  Count 10 – Request for Injunctive Relief

Defendants seek dismissal of Plaintiff's request for injunctive relief in Count Ten in which he seeks to "suspend or revoke the defendants' certifications as peace officers" pursuant to the "Kenneth Ross, Jr. Police Decertification Act."  (ECF No. 25 at 23-24.) This Act was signed into law by the Governor of California on September 20, 2021 and it amended the Bane Act, as well as several penal code sections.[3]  *See* S.B. 2, 2021-2022, Leg., Reg. Sess. (Cal. 2021).  The Act amended Penal Code §13510.8(a)(1) to require the Peace Officer Standards and Training Commission[4] ("POST") to "revoke the certification of a certified peace officer if the person is or has become ineligible to hold office as a peace officer pursuant to Section 1029 of the Government Code."  *Id.*  In addition, the POST Commission may "suspend or revoke the certification of a peace officer if the person has

---

[3] *See* https://www.gov.ca.gov/2021/09/30/governor-newsom-signs-policing-reform-legislation/ (website last visited Mar. 22, 2024.)

[4] The POST commission is a "state-funded organization designed to insure professional standards in law enforcement. Penal Code section 13500 et seq. describes POST's role in setting standards and guidelines pertinent to the selection and training of peace officers." *Flores v. City of San Diego,* 83 Cal.App.5th 360, 378, fn. 12 (Ct. App. 4th Dist. Div. 1, California Sept. 15, 2022.) (citation omitted.)

3:23-cv-00907-LL-BGS

been terminated for cause from employment as a peace officer for, or has while employed as a peace officer, otherwise engaged in, any serious misconduct."  Cal. Penal Code § 13510.8(a)(2).

The Court agrees that the Decertification Act did not provide a method by which a private citizen could bring a civil action in this Court to seek the revocation or suspension of an officer's certification. Rather, it is the POST Commission who is required to "investigate and determine the fitness of any person to serve as a peace officer with the Peace Officer Standards and Training program or as defined in Section 13510.1 in the State of California."  Cal. Penal Code § 13503(f).  Plaintiff has offered no legal authority for his position that this Court has the authority to grant injunctive relief in the form of suspension or revocation of the Defendants' certifications as peace officers.

Accordingly, Defendants' Motion to Dismiss Plaintiff's claims brought in Count 10 and his request for injunctive relief in the form of suspension or revocation of Defendants' certifications as peace officers is **GRANTED**.  Because the Court finds amendment of these claims would be futile, the Court dismisses these claims without leave to amend.

### 5.    Count 3 – Defendant Urena

Defendants seek dismissal of the claims against Defendant Urena found in Count Three of Plaintiff's SAC on the ground that he has failed to "plead any facts that could support a plausible First Amendment retaliation claim" against Urena.  (ECF No. 25 at 25.)

Plaintiff's sole allegation against Defendant Urena in this cause of action is his claim that he "believe[s] Sgt. L. Urena helped [Mendivil] write [and] approve [a Rules Violation Report]."  (SAC at 6.)

To state a claim for retaliation in violation of the First Amendment, Plaintiff must allege that: (1) he was subject to "adverse action" by a state actor, (2) because he engaged in (3) "protected conduct," and (4) that the adverse action "chilled [his] exercise of his First Amendment rights," and (5) "the action did not reasonably advance a legitimate correctional goal."  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-

16 (9th Cir. 1994)). Protected conduct includes filing prison grievances or litigation against prison officials. *See id.* at 568. In order to demonstrate that the adverse action was "because of" Plaintiff's protected conduct, he must allege that "his protected conduct was 'the substantial or motivating factor behind the defendant's conduct.'" *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)). Additionally, to allege that the adverse action did not "'advance legitimate goals of the correctional institution,'" Plaintiff must allege "in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were 'unnecessary to the maintenance of order in the institution . . . .'" *Watison v. Carter*, 668 F.3d 1108, 1114-15 (quoting *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (internal citations omitted)).

Defendants argue that Plaintiff's allegations that he "believes" Urena helped to write and approve an RVR is speculative and lacks any allegation that Urena had a retaliatory motive or that there was an absence of a legitimate correctional goal for the actions Urena allegedly took. Specifically, Defendants argue that Plaintiff cannot allege a retaliation claim based solely on Urena's alleged participation in the RVR process. (*See* ECF No. 25 at 25.) The Court agrees. Plaintiff offers no allegations that Urena was aware that Plaintiff had engaged in protected conduct or that he purportedly helped Mendivil prepare the RVR because of Plaintiff's alleged exercise of his constitutional rights. *See Twombly*, 550 U.S. at 557; *Brodheim*, 584 F.3d at 1271 (plaintiff must plead enough facts to plausibly establish defendants' "retaliatory motive"). Conclusory allegations alone are not enough to plead retaliatory motive. Speculation is insufficient. *See Twombly*, 550 U.S. at 555.

Plaintiff's response is brief and makes no attempts to elaborate on Urena's motivations with respect to purportedly assisting Mendivil in preparing or drafting the RVR. Instead, Plaintiff states that he "alleges Urena and Mendivil wrote two RVR's in retaliation." Pl.'s Opp'n at 3. He fails to allege any elements of a retaliation claim as to Defendant Urena and he does set forth any facts in his Opposition that would support a

retaliation claim as to Defendant Urena.  Defendants correctly assert that Plaintiff has not plausibly alleged a retaliatory motive on the part of Defendant Urena.  Based on the record, the Court agrees that Plaintiff is only speculating as to Urena's purported role in issuing the RVRs which is insufficient to state a First Amendment retaliation claim.

Accordingly, Defendants' Motion to Dismiss Defendant Urena from Count 3, Plaintiff's First Amendment retaliation claim, is **GRANTED** for failing to state a claim upon which relief may be granted.  Because Plaintiff's Opposition is devoid of any attempt to raise additional facts that may be sufficient to state a First Amendment retaliation claim as to Defendant Urena, the Court denies leave to amend as futile.

### 6.    Count 6 – Defendants Urena and Larocco

Defendants seek dismissal of Plaintiff's claims he brings against Defendants Urena and Larocco in Count Six on the ground that he "fails to plead facts that could plausibly state a Bane Act claim against Urena and Larocco."  (Defs.' Memo or P&As at 26-27.)

In this cause of action, Plaintiff claims "Sgt. Urena tried to maliciously prosecute me" and "[Correctional Officer] Larocco tried to or used threats [and] coercion to get me to refuse medical."  (SAC at 9.)

The Bane Act allows for an individual to bring a civil action for damages against persons, including state actors, who interfere "by threat, intimidation, or coercion, or attempt[ ] to interfere by threat, intimidation, or coercion, with the exercise or enjoyment" of a person's constitutional or statutory rights under state or federal law. Cal. Civ. Code § 52.1(a)-(b). To properly allege a claim under the Bane Act, a plaintiff must demonstrate that the defendant acted with "a specific intent to violate" the constitutional right at issue. *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. City & Cty. of San Francisco*, 17 Cal. App. 5th 766, 800 (2017), as modified (Nov. 17, 2017)); *Estate of Munoz v. United States*, 2024 WL 584430, * 2 (S.D. Cal. Feb. 13, 2024) (citation omitted). ("A Bane Act claim is allowed to proceed as long as the claim relies on a proper constitutional claim.")

Here, the factual allegations supporting Plaintiff's Bane Act claim against

Defendants Urena and Larocco are disjointed and insufficient to state a claim. The sole claim against Defendant Urena is Plaintiff's belief that he was involved in the writing and approving of an RVR which he appears to claim is an attempt to "maliciously prosecute" him. (SAC at 9.)

However, malicious prosecution, by itself, does not constitute a constitutional violation. Instead, Plaintiff must be able to demonstrate that "the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995). Plaintiff has not alleged any facts to show that he was denied equal protection or any other constitutional right with regard to the alleged issuance of the RVR. As set forth above, the Court has already found that Plaintiff has failed to allege any facts to support a retaliation claim against Urena for the issuance of the RVR.

The claim against Larocco is based on Plaintiff's allegation that he "used threats [and] coercion to get me to refuse medical." (SAC at 9.) However, nowhere in Plaintiff's SAC does he actually allege that he ever spoke with Larocco before receiving medical treatment after the alleged incident with Mendivil. In the SAC, Plaintiff alleges that after he was purportedly injured by the actions of Mendivil, "[a]n officer then comes [and] walks me to a bench" and "medical comes, puts a neck brace on me, checks my vitals [and] puts me in an ambulance." (SAC at 4.) There is no mention that Larocco or any correctional officer threatened him in order to get him to refuse medical treatment.

Thus, Plaintiff fails to raise plausible claims against either Urena or Lacocco under the Bane Act. *See Iqbal*, 556 U.S. at 678 (explaining that "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are required to survive a motion to dismiss (citing *Twombly*, 550 U.S. at 555)). Defendants' Motion to Dismiss Defendants Urena and Larocco from Count 6 is **GRANTED** for failing to state a claim upon which relief may be granted. The Court finds that further amendment of these claims are futile.

/ / /

3:23-cv-00907-LL-BGS

### 7.      Eleventh Amendment

Defendants move to dismiss all the claims for money damages against them in their official capacity.  (*See* ECF No. 25 at 28-29.)  While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will v. Michigan Dep't of State Police*, 4[91] U.S. 58, 66 (1989), it does not bar damage actions against state officials sued in their personal or individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992).

When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification.  *Ashker v. California Dep't of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997).  Plaintiff brings this § 1983 suit against Defendants in both their individual and official capacities.  (*See* SAC at 2.)  The Supreme Court has made it clear that a plaintiff can establish personal liability in a section 1983 action simply by showing that each official acted under color of state law in deprivation of a federal right.  *Hafer*, 502 U.S. at 25.

Therefore, the Court **GRANTS** Defendants' Motion to Dismiss on Eleventh Amendment grounds–but only to the extent that Plaintiff seeks damages against them in their official capacity.  The Eleventh Amendment imposes no bar to Plaintiff's damages action against any of the named Defendants for acts or omissions alleged to have been taken in their personal capacities.  Accordingly, Plaintiff's claim for monetary damages against Defendant Mendivil in her personal capacity remain.

### 8.      FRCP Rule 8

Defendants move to dismiss Plaintiff's entire SAC on the grounds that it does not comply with Federal Rule of Civil Procedure 8.  (*See* ECF No. 25 at 28-29.)  Defendants argue that Plaintiff's SAC "does not clearly indicate which claims are being asserted against each Defendant" and this "leaves the Court and Defendants to '… guess who is being sued and for what.'" (*Id.* at 28 citing *Ibanez v. Miller*, 2007 WL 1449738, at *1 (E.D. Cal. May 15, 2007)).

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories." *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)). "A dismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131–32 (9th Cir. 2008) (internal citations omitted).

Here, while Plaintiff's pleading is not a model of clarity, it is also not necessarily entirely unintelligible or incoherent. *See id.* at 1132. In fact, while Defendants move to dismiss the entire action under Rule 8, they did not move to dismiss the first two causes of action pursuant to 12(b)(6) which provided specific factual allegations against specific Defendants.  In fact, they raise only one example of a cause of action in Plaintiff's SAC that they find deficient under Rule 8, Plaintiff's First Amendment retaliation claim against Urena which the Court has dismissed.

Thus, because Plaintiff's SAC is sufficient to provide the minimal "fair notice" required by Rule 8 for the claims that remain in this action the Court **DENIES** Defendants' motion to dismiss on this ground.

## III.   Conclusion and Orders

Accordingly, the Court:

1.    **GRANTS** Defendant Urena's Motion to Dismiss the First Amendment retaliation claim against him in Count Three pursuant to Federal Rule of Civil Procedure 12(b)(6);

2.    **GRANTS** Defendants' Motion to Dismiss Plaintiff's state law negligence

claims in Count Four pursuant to Federal Rule of Civil Procedure 12(b)(6);

3.    **GRANTS** Defendants' Motion to Dismiss Plaintiff's RICO claims in Count Five pursuant to pursuant to Federal Rule of Civil Procedure 12(b)(6);

4.    **GRANTS** Defendants' Motion to Dismiss Defendants Urena and Larocco's Motion to Dismiss the claims against them under the Bane Act in Count Six pursuant to pursuant to Federal Rule of Civil Procedure 12(b)(6);

5.    **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims brought pursuant to California and Federal penal code statutes in Counts Seven, Eight, and Nine pursuant to pursuant to Federal Rule of Civil Procedure 12(b)(6);

6.    **GRANTS** Defendants' Motion to Dismiss Plaintiff's request for injunctive relief in Count 10 and in his request for relief;

7.    **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims for money damages against them in their official capacity as barred by the Eleventh Amendment; and

8.    **DENIES** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for failing to comply with Federal Rule of Civil Procedure 8.

**IT IS FUTHER ORDERED that**:

9.    The Clerk of Court shall terminate Defendants Palmer, Rojas, Urena, Larocco, and Hill from the Court's docket.

10.    Defendant Mendivil shall serve and file an Answer to Plaintiff's Second Amended Complaint within the time set forth in Fed.R.Civ.P. 12(a)(4)(A) as to the remaining claims.

**IT IS SO ORDERED**.

Dated:  April 8, 2024

Honorable Linda Lopez
United States District Judge